UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TINA KOOPMAN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) CASE NO. 1:24-cv-139 |
| | ) |
| BELL AMERICAN GROUP LLC, | ) |
| UNKNOWN EMPLOYEES | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, 1446, and Local Rule 81-1, Defendant Bell American Group LLC, by counsel, files this *Notice of Removal* to remove the above-captioned case from Marion Superior Court, Marion County, Indiana to this Court. Defendant, appearing only to effect removal, and preserving all available defenses, state:

## VENUE

1. On December 22, 2023, Plaintiff Tina Koopman ("Plaintiff") filed her *Complaint* (the "Complaint") against Bell American Group LLC and Unknown Employees in the Marion County Superior Court, Indiana, under Cause Number 49D12-2312-CT-049962 (the "State Court Action").

2. Removal of the State Court Action to the Southern District of Indiana, Indianapolis Division is proper under 28 U.S.C. § 1441(a) because the Southern District of Indiana, Indianapolis Division embraces Marion County, Indiana, where the State Court Action is pending.

## REMOVAL IS TIMELY

3. Less than thirty (30) days ago, on December 29, 2023, Bell American Group LLC's designated agent for service of process received by certified mail a copy of Plaintiff's Complaint

1

and Summons. The Summons did not bear the signature of the Marion County Clerk of Court and, thus, service was defective. Nevertheless, in the interest of efficiency and minimizing procedural disputes, and for the purposes of this Notice of Removal, Bell American Group LLC will treat the Complaint and Summons as having been served on December 29, 2023.

4. An Appearance and Initial Motion for Automatic Enlargement of Time to respond to Plaintiff's Complaint pursuant to Local Rule LR49-TR5-203(D) was filed on behalf of Bell American Group LLC on January 19, 2024. The Automatic Enlargement of Time granted Bell American Group LLC an enlargement of time up to and including February 20, 2024 to respond to Plaintiff's Complaint.

5. There have been no other proceedings in the State Court Action.

6. Thus, Bell American Group LLC's Notice of Removal is timely under 28 U.S.C. § 1446(b).

**FEDERAL QUESTION JURISDICTION EXISTS**

7. 28 U.S.C. § 1441(a) permits a defendant to remove a case to federal court which would fall within the Court's federal question jurisdiction under 28 U.S.C. § 1331 if originally filed in federal court.

8. This is a civil action that falls within the Court's original jurisdiction under 28 U.S.C. §§ 1331 and 1343 and is one that may be removed to this Court based on federal question jurisdiction pursuant to Plaintiff's claims that Bell American Group LLC allegedly violated Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 and 12182 (the "ADA").

9. To bring a case within the original federal question jurisdiction of this Court, "a right or immunity created by the Constitution or laws of the United States must be an element, and

an essential one, of the plaintiff's cause of action." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).

10. To that end, it is well-established that, in the ordinary case, federal question jurisdiction lies under § 1331 where federal law either creates the cause of action or "where the vindication of a right necessarily turn[s] on some construction of federal law." *Merrel Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 80, 808-809 (1986).

11. The ADA is a federal law, the purpose of which is "to address the major areas of discrimination faced day-to-day by people with disabilities[.]" 42 U.S.C. § 12101.

12. Importantly, the ADA provides not only the rights on which Plaintiff's claim turns, but the available causes of action Plaintiff may seek. 42 U.S.C. § 2000(a)(3).

13. Because Plaintiff's claims under the ADA arise under federal law and could have originally been brought in this Court, federal question jurisdiction exists and jurisdiction in this Court is proper.

14. Therefore, this action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441 because, as set forth above, this Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## SUPPLEMENTAL JURISDICTION EXISTS

15. Pursuant to 28 U.S.C.A. § 1367, district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.

16. Because Plaintiff's claims under the ADA and the other claims in the Complaint arise out of a common nucleus of operative facts, as pled in the Complaint at paragraphs 1-21, supplemental jurisdiction exists and jurisdiction in this Court is proper.

## **STATUTORY REQUIREMENTS**

17.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81-2, the complete State Court Record as of the date of this Notice of Removal is attached and includes the following: the Complaint, Appearance of Clifford Robinson, Appearance of Spenser Benge, Subpoena/Summons to Bell American Group LLC, Subpoena/Summons to Unknown Employees c/o Bell American Group LLC, Appearance of Barath Raman and Thomas Palmer, and Initial Motion for Automatic Enlargement of Time to Respond to Plaintiff's Complaint.

18.     Pursuant to S.D. Ind. L.R. 81-2(c), a copy of the Complaint is also attached hereto as a separate Exhibit to this Notice of Removal.

19.     Under 28 U.S.C. § 1446(d), Defendants will file a copy of this *Notice of Removal* with the Marion County Superior Court, Indiana, and Defendants will serve Plaintiff with both this *Notice of Removal* and the *Notice of Filing Notice of Removal*.

## **NON-WAIVER OF DEFENSES**

20.     By removing this action from the Marion County Superior Court 12, Defendant Bell American Group LLC does not waive any defenses available to it.

21.     By removing this action from the Marion County Superior Court 12, Defendant Bell American Group LLC does not admit any of the allegations in Plaintiff's Complaint.

WHEREFORE, the removing party, Bell American Group LLC, by counsel, respectfully requests that the above-entitled action be removed from the Marion County Superior Court 12 to the United States District Court for the Southern District of Indiana, Indianapolis Division.

**LEWIS WAGNER LLP**

By: */s/ Barath S. Raman*
        BARATH S. RAMAN, #32116-49

                                                    THOMAS T. PALMER, #36396-53
                                                    Counsel for Defendants

## **CERTIFICATE OF SERVICE**

On January 22, 2024 a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system.

Clifford M. Robinson
THE LAW OFFICES OF
CLIFFORD M. ROBINSON
205 W Washington Street, Suite B
Rensselaer, Indiana 4798
cmrobinson@cmrobinsonlaw.com

Spenser Benge
THE LAW OFFICES OF
SPENSER G. BENGE
3737 S. Scatterfield Road., Ste. 200
Anderson, Indiana 46013
spenser@bengelawoffice.com

                                              */s/ Barath S. Raman*
                                              BARATH S. RAMAN

LEWIS WAGNER, LLP
1411 Roosevelt Avenue, Suite 102
Indianapolis, IN  46201
Phone: (317) 237-0500
FAX: (317) 630-2790
braman@lewiswagner.com
tpalmer@lewiswagner.com