STATE OF INDIANA ) MARION _____ COURT
)SS:
COUNTY OF MARION ) INDIANAPOLIS, INDIANA


TINA KOOPMAN, )
   Plaintiff, )
    ) CAUSE NO.:
v. )
    )
BELL AMERICAN GROUP LLC, )
UNKNOWN EMPLOYEES ) JURY TRIAL DEMANDED
   Defendants. )

### COMPLAINT

Plaintiff Tina Koopman, by counsel, for her Complaint against Defendant Bell American Group LLC and its Unknown Employees ("Defendant" or "Taco Bell"), states as follows:

### PRELIMINARY STATEMENT

1. Plaintiff is a deaf individual who communicates through American Sign Language ("ASL"). On December 24, 2021, Taco Bell refused to provide Plaintiff service due to her disability. Plaintiff was subjected to harassment, discrimination, and forced to endure mental anguish as a result of Taco Bell's employees' discriminatory and tortious acts. Plaintiff suffered due to Taco Bell's failure and/or refusal to train its employees to properly communicate with persons who are deaf.

2. Plaintiff brings this action to compel Taco Bell to cease its unlawful discriminatory practices and implement policies and procedures that will ensure effective

communication, full and equal enjoyment, and a meaningful opportunity to participate in and benefit from Taco Bell's restaurant services.

3.   Plaintiff seeks declaratory, injunctive, and equitable relief; compensatory and punitive damages; and attorneys' fees and costs to redress Defendants' unlawful discrimination on the basis of disability in violation of Title III of the American with Disabilities Act (the "ADA"), the Indiana Crime Victims Relief Act, and state common law.

<u>PARTIES</u>

4.   Plaintiff Tina Koopman is an individual residing in Indianapolis, Marion County, Indiana. Ms. Koopman is a deaf person and is substantially limited in the major life activities of hearing and speaking within the meaning of federal and state anti-discrimination laws.

5.   Defendant Bell American Group LLC is a foreign limited liability company with its principal place of business located at 6200 Oak Tree Blvd., Suite 250, Independence, Ohio, 44131.

6.   Unknown Employees worked for Taco Bell on the night in question and served as the agents and/or employees of Taco Bell during their interactions with Plaintiff.

<u>FACTS</u>

7.   Plaintiff is a profoundly deaf person whose primary method of language is ASL.

8. Due to her disability, Plaintiff's ability to communicate in verbal English is significantly limited.

9. Plaintiff also communicates by writing to persons who are not fluent in ASL.

10. On December 23, 2021, Plaintiff attempted to utilize the drive through of the Crawfordsville Taco Bell owned by Defendant.

11. She visited that Taco Bell, which was open to the public, during normal business hours.

12. In order to communicate with Bell employees, Plaintiff used a piece of paper to place her order.

13. Bell employees would not work with Plaintiff to help her order her food, however, and soon became frustrated and began to harass Plaintiff.

14. Plaintiff attempted to clear up the confusion with the Bell employees, but they refused to communicate further with her.

15. One Bell employee proceeded to take a chair and place it in front of Plaintiff's car so that Plaintiff could not leave the drive through.

16. At one point, one of the Bell employees attempted to grab Plaintiff's arm but she pulled away.

17. At another point, a Bell employee reached into Plaintiff's vehicle and snatched the piece of paper that Plaintiff was using to communicate from her hands. At this point, Plaintiff rolled up her window for her safety.

18. Bell employees then called the police to report Plaintiff.

19. The police arrived and spoke with Bell employees and Plaintiff and told Plaintiff she had to leave the premises and that she was trespassed from returning.

20. Plaintiff received a criminal charge as a result of the incident.

21. Plaintiff attempted to access Defendant's publicly available restaurant services but was denied such access based upon her disability, assaulted, and unlawfully confined.

## LEGAL ALLEGATIONS

### COUNT 1 – AMERICANS WITH DISABILITIES ACT

22. Plaintiff hereby incorporates all allegations above as if set forth fully herein.

23. Defendant Taco Bell operates a restaurant that falls under the definition as set forth in 42 U.S.C. § 12181 et seq.

24. Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,  advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

25. Title III of the ADA further provides that "[i]t shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege,

advantage, or accommodation that is not equal to that afforded to other individuals." 42 U.S.C. § 12182(b)(1)(A)(ii).

26. Title III of the ADA further defines discrimination to include "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services." 42 U.S.C. § 12182(b)(2)(A)(iii).

27. Title III of the ADA further defines discrimination to include "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable," or "where an entity can demonstrate  that the removal of a barrier . . . is not readily achievable a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv–v).

28. Federal regulations implementing Title III of the ADA provide that "[a] public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c).

29. Defendants discriminated against Plaintiff on the basis of disability, in violation of Title III of the ADA and its implementing regulations, as set forth above.

30. Plaintiff is therefore entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the ADA, 42 U.S.C. § 12188(a)(1).

## COUNT 2 – FALSE IMPRISONMENT

1. Plaintiff hereby incorporates all allegations above as if set forth fully herein.

2. Defendant, by its employees, unlawfully restrained Plaintiff's freedom of movement.

3. Defendant did not have Plaintiff's consent to do so.

4. Defendant therefore falsely imprisoned Plaintiff.

## COUNT 3 – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

5. Plaintiff hereby incorporates all allegations above as if set forth fully herein.

6. Defendant, by its employees, engaged in extreme and outrageous behavior in dealing with Plaintiff.

7. Such behavior was done willingly and intentionally.

8. Such behavior proximately caused severe emotional distress to Plaintiff.

## COUNT 4 – ASSAULT, INDIANA CRIME VICTIMS' RELIEF ACT

9. Plaintiff hereby incorporates all allegations above as if set forth fully herein.

10. Defendant, by its employees, created an apprehension of imminent harmful and/or offensive contact during its interaction with Plaintiff.

11. Defendant's conduct in doing so was intentional and willful.

## CONCLUSION

**WHEREFORE** the Plaintiff, respectfully requests the following relief against each and every Defendant herein, jointly and severally:

a.      Compensatory damages;

b.      Economic damages;

c.      Punitive damages;

d.      Liquidated damages;

e.      Treble damages;

f.      Litigation costs;

g.      Attorneys' fees and costs;

h.      Pre-judgment and post-judgment relief;

i.      Injunctive relief; and

j.      All other relief found just and proper in the premises.

Respectfully submitted,

/s/ Clifford M. Robinson
Clifford M. Robinson, Attorney No. 30826-49
THE LAW OFFICE OF CLIFFORD M. ROBINSON
205 W Washington St., Suite B
Rensselaer, Indiana 47978
cmrobinson@cmrobinsonlaw.com

/s/ Spenser Benge (with permission)
Spenser G. Benge, Esq.
Attorney No. 33955-48
THE LAW OFFICE OF SPENSER G. BENGE
3737 S. Scatterfield Rd., Ste. 200
Anderson, Indiana 46013
Office: (765) 234-8024
Direct: (765) 610-4062
Fax: (765) 640-1332
Email: spenser@bengelawoffice.com

## <u>JURY TRIAL DEMAND</u>

Plaintiffs hereby demand a trial by jury on all matters at issue herein.

Respectfully submitted,

*/s/ Clifford M. Robinson*
Clifford M. Robinson, Attorney No. 30826-49
THE LAW OFFICE OF CLIFFORD M. ROBINSON
205 W Washington St., Suite B
Rensselaer, Indiana 47978
cmrobinson@cmrobinsonlaw.com


*/s/ Spenser Benge (with permission)*
Spenser G. Benge, Esq.
Attorney No. 33955-48
THE LAW OFFICE OF SPENSER G. BENGE
3737 S. Scatterfield Rd., Ste. 200
Anderson, Indiana 46013
Office: (765) 234-8024
Direct: (765) 610-4062
Fax: (765) 640-1332
Email: spenser@bengelawoffice.com